ON REHEARING
Before McBRIDE, REGAN, CHASEZ, HALL and JANVIER, JJ.
JANVIER, Judge.
When we considered the application for rehearing we sensed the possibility that, in stressing the obvious fact that the brother of Plaintiffs must have been aware of the approach of the train because of the brilliant electric headlights and the almost fifteen hundred feet of clear view between the crossing and the point at which the locomo *815 tive came into view, we might have failed to attribute adequate importance to the evidence concerning the condition of the roadway due to the recent construction of a side track, there existing the possibility that there were ruts or other irregularities between the rails of the new track and between the new track and the main one upon which the collision occurred.
A review of the testimony of several persons who used the crossing on that night and an inspection of the photographs convince us that the crossing could have been traversed without difficulty and that the accident was not caused by the condition of the surface of the road.
Our attention has been again directed to the fact that the Defendant railway company did not produce the tacometer which is an instrument which operates a tape which shows the exact speed at which a locomotive is operated at any particular point. There probably was such a ta-cometer on the locomotive but the tape was not produced in evidence. From this it is contended that the tape of that instrument would have shown that the locomotive as it neared the crossing was proceeding at a speed in excess of that permitted by the company rules.
The claim agent stated that it was his opinion that such an instrument had been on the locomotive and that the tape had been destroyed but he stated that it w.as customary to retain such tapes only for a few months and that in this case, although the accident had occurred on May 10, 1964, the suit had not been filed until May 5, 1965, and the intimation is that probably there occurred to the railway company no reason to retain the tape. It is true that the claim agent did state that where there is an accident it is customary to retain such tapes.
Counsel for Plaintiffs point to the fact that the engineer testified that in Luling or in the area near Luling the locomotives of passenger trains were not permitted by company rules to exceed 70 miles an hour and it is argued from this that since it was admitted that the locomotive was operating at from 68 to 70 miles an hour, had the tape been produced it would have shown a speed in excess of 70 miles an hour and that the tape was intentionally destroyed to avoid the effect of its production. There is no certainty that this tape was destroyed to eliminate the possibility of its being produced.
However, regardless of what may have been the speed of the train, whether it was 70 miles per hour or slightly in excess of that, the speed had no causal connection whatever with the ultimate accident which was caused by the failure of the decedent to notice the locomotive or by his attempt to cross ahead of it after its presence became apparent. The accident was caused solely by the negligence of the decedent.
Accordingly, our original opinion and decree are reinstated and made the final judgment of this court and the suit of Plaintiffs is dismissed at their cost.
Original decree reinstated and made the final judgment of this Court